IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS GEORGE WICKER, JR. | § | |
| and ROCIO PADILLA WICKER, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | EP-15-CV-00015-FM |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| BEVERLY MITRISIN, and | § | |
| CHARLES THOMAS NATIONS, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is "Defendant's Motion to Dismiss Pursuant [sic] Federal Rule of Civil Procedure 12(b)(6)" ("Motion") [ECF No. 4], filed January 28, 2015 by Defendant Bank of America, N.A. ("Bank of America"); and Plaintiffs Thomas George Wicker, Jr. and Rocio Padilla Wicker's (collectively, "Plaintiffs") "Plaintiffs' Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)6 [sic]" ("Response"), filed February 10, 2015.[1]  After considering the Motion, Response, and applicable law, the Motion is **GRANTED**.

## I.    BACKGROUND

### A.    Procedural History

Plaintiffs are Texas residents who own a home at 6533 Calle Bonita Lane in El Paso, Texas (the "Property").[2]  The Property secures a 15-year loan serviced by Bank of America, a North Carolina corporation.[3]  After Plaintiffs missed several payments on the loan, Bank of America initiated foreclosure

---

[1] Although Local Rule CV-7(f)(2) entitles Bank of America to file a reply within seven days of Plaintiffs' Response, no additional filings are needed to fully evaluate the Motion.

[2] "Notice of Removal" ("2015 Notice of Removal"), Ex. B-1, "Plaintiffs' Original Petition and Application for a Temporary Restraining Order" ("Plaintiffs' Second Petition"), at 1–2, ECF No. 1-1, filed Jan. 21, 2015.

[3] 2015 Notice Removal 1–3 ¶¶ 2, 8; Pls.' Second Pet. 2.

against the Property.[4]

On February 28, 2014, Plaintiffs filed a petition ("Plaintiffs' First Petition") against Bank of America, Beverly Mitrisin ("Mitrisin"), and Charles Thomas Nations ("Nations") in the 243rd District Court of El Paso County, Texas.[5]  The pleading listed Mitrisin and Nations as located in Texas.[6] Plaintiffs' First Petition asserted a claim solely against Bank of America for breach of contract for "improperly calculating the amount due on the note, improperly calculating forced escrow, and posting the [Property] for foreclosure based upon false amounts due."[7]  Plaintiffs' First Petition also requested a temporary restraining order solely against Bank of America to enjoin foreclosure on the Property.[8]  The pleading admitted Plaintiffs missed several payments on their loan before any breach by Bank of America.[9]

The case was removed to this court on March 12, 2014 as cause number 3:14-cv-00091-PRM.[10] Subsequently, Plaintiffs filed "Plaintiffs' First Amended Complaint," which dismissed Mitrisin and Nations and added a claim for violation of the Real Estate Settlement Procedures Act ("RESPA").[11]  This pleading conceded not only that Plaintiffs had failed to make loan payments, but also that Plaintiffs had

---

[4] Pls.' Second Pet. 3.

[5] *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. Mar. 12, 2014), "Notice of Removal" ("2014 Notice of Removal"), Ex. B-1, "Plaintiffs' Original Petition and Application for a Temporary Restraining Order," ECF No. 1-1.

[6] *Id.* at 2.  The court will assume Mitrisin and Nations are Texas citizens.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. Mar. 12, 2014), 2014 Notice Removal, ECF No. 1.

[11] *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. May 9, 2014), "Plaintiffs' First Amended Complaint," at 4–5 ¶¶ 35–36, ECF No. 15.

not paid property taxes on the Property after 2011.[12]

On June 6, 2014, Plaintiffs filed "Plaintiffs' Second Amended Complaint," which added a claim for violation of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA").[13]  Like their previous amended complaint, Plaintiffs' Second Amended Complaint admitted Plaintiffs' failures to make loan payments and pay property taxes.[14]  On August 27, 2014, the court dismissed Plaintiffs' breach of contract and DTPA claims without prejudice, and dismissed their RESPA claim with prejudice.[15]  In dismissing Plaintiffs' breach of contract claim, the court concluded Plaintiffs were themselves in breach of contract due to their failures to pay interest, principal, and property taxes.[16]

On December 30, 2014, Plaintiffs' Second Petition was filed in the 243rd District Court of El Paso County, Texas, asserting a breach of contract claim and requesting a temporary restraining order against Bank of America.[17]  Mitrisin and Nations were named as defendants.[18]  Aside from minor formatting changes, this pleading is almost identical to Plaintiffs' First Petition.  There are only three substantive differences.  First, Plaintiffs assert the amount in controversy is less than $75,000.00.[19]

---

[12] *See id.* at 2 ¶ 14 ("Plaintiffs paid property taxes on the home from 2004 through 2011."); *id.* at 3 ¶ 17 ("Plaintiffs missed principal and interest payments due in September, October, and November of 2013.").

[13] *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. June 6, 2014), "Plaintiffs' Second Amended Complaint," at 5 ¶¶ 38–41, ECF No. 21.

[14] *Id.* at 2–3 ¶¶ 14, 17.

[15] *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. Aug. 27, 2014), "Order Granting Defendant's Motion to Dismiss," at 14, ECF No. 33.

[16] *Id.* at 8.

[17] Pls.' Second Pet. 3.

[18] *Id.* at 1.

[19] *Compare id.* at 1 ("The amount in controversy is less than $75,000 exclusive of interest and costs."), *with* Pls.' First Pet. 1 ("The amount in controversy is in excess of $100,000.").

Second, Plaintiffs request a different amount of discovery.[20]  Third, Plaintiffs assert the Property is "conservatively valued" at $315,000, rather than $340,000 as originally stated.[21]

Bank of America removed the cause to this court on January 21, 2015 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[22]  On January 28, 2015, Bank of America moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Plaintiffs responded to the Motion on February 10, 2015.

### B.    Bank of America's Arguments

Bank of America asserts Plaintiffs' breach of contract claim is facially deficient, because: (1) Plaintiffs concede they breached the loan agreement before any alleged breach by Bank of America, and (2) they fail to allege what provision of the loan agreement was breached by Bank of America.[23]  Bank of America further argues Plaintiffs should not be given an opportunity to amend as Plaintiffs' previous pleadings indicate any amendment would be futile.[24]

### C.    Plaintiffs' Arguments

Plaintiffs contend Bank of America's Motion is "horribly premature," as they are still determining whether to file either a motion to remand or an amended complaint.[25]  Plaintiffs contend that if their complaint is amended, they will include a request for "a declaratory judgment over the imposition

---

[20] *Compare* Pls.' Second Pet. 1 ("Plaintiffs intend to conduct discovery in this case under Level One."), *with* Pls.' First Pet. 1 ("Plaintiffs intend to conduct discovery in this case under Level Three.").

[21] Pls.' First Pet. 2; Pls.' Second Pet. 2.

[22] 2015 Notice Removal 1.  Although Bank of America also stated the removal was pursuant to 28 U.S.C. § 1348 ("section 1348"), that section applies to cases commenced against "any national banking association" by "the United States, or by direction of any officer thereof."  28 U.S.C. § 1348.  Section 1348 is, therefore, not applicable to this cause.

[23] Mot. 5–6 ¶¶ 10–12

[24] *Id.* at 6–7 ¶¶ 13–15.

[25] Pls.' Resp. 1–2 ¶ 1.

of escrow" due to a purported waiver by Bank of America, as well as "further plead their claim concerning" breach of a deed of trust.[26]  Plaintiffs also assert Bank of America misrepresents "the position of Plaintiffs concerning their home" and "what Plaintiffs have offered concerning the home.[27] To the extent dismissal of their petition or a future amended complaint is warranted, Plaintiffs assert the dismissal should be without prejudice.[28]

## II.     APPLICABLE LAW

### A.     Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[29]

In a case for damages, the amount in controversy is ordinarily determined by the amount of damages claimed by the plaintiff.[30]  When injunctive relief is requested, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented."[31]

In order for diversity of citizenship to be present, no opposing parties can be citizens of the same state.[32]  An exception to this rule applies when a party has been improperly joined.[33]  "To establish a

---

[26] *Id.* at 2 ¶ 2.  It is not clear whether Plaintiffs intend to elaborate on their existing breach of contract claim or to advance a new claim for breach of a deed of trust.

[27] *Id.* at 2–3 ¶¶ 3–4

[28] *Id.* at 3 ¶¶ 6–7.

[29] 28 U.S.C. § 1332(a)(1).

[30] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

[31] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (per curiam).

[32] *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam).

[33] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

claim for improper joinder, the party seeking removal must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[34]

   B. *Motion to Dismiss for Failure to State a Claim*

   Rule 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted."[35]  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[36]  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[37]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[38]  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[39]  Therefore, a complaint is not required to set out "detailed factual allegations," but does need to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[40]  Although the court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[41]

---

[34] *Id.* (quotation marks and citation omitted).

[35] Fed. R. Civ. P. 12(b)(6).

[36] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[39] *Id*. (citing *Twombly*, 550 U.S. at 556).

[40] *Twombly*, 550 U.S. at 555.

[41] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

III.     **DISCUSSION**

     *A.*     *Whether Diversity Jurisdiction is Present*

     Plaintiffs concede Bank of America is not a Texas resident.[42]  Consequently, there are two possible obstacles to diversity jurisdiction: (1) Mitrisin, Nations, and Plaintiffs are all Texas citizens; and 2) Plaintiffs assert the amount in controversy is less than $75,000.00.

     1.     Mitrisin and Nations

     By its terms, Plaintiffs' Second Petition asserts a breach of contract claim and a request for a temporary restraining order against Bank of America, not against either Mitrisin or Nations.[43]  Although the pleading requests a temporary restraining order prohibiting "Defendants" from foreclosing on the Property or posting it for foreclosure,[44] it does not indicate how either Mitrisin or Nations is associated with the foreclosure.

     In one of the few places Mitrisin and Nations are mentioned by name in Plaintiffs' Second Petition, they are described as "nominal parties acting as substitute trustees [for] Bank of America" in order to provide Bank of America with notice.[45]  Even if Plaintiffs did not describe Mitrisin and Nations as nominal parties, they are not necessary as substitute trustees for the court to provide Plaintiffs with any relief.[46]  As Plaintiffs have failed to state any claims against Mitrisin or Nations, and it is clear they

---

     [42] *See* Pls.' Second Pet. 2 ("Defendant, Bank of America, N.A., is a foreign corporation.").

     [43] *See id.* at 3 (arguing "Bank of America has breached the contract with Plaintiffs," and "Bank of America has improperly posted the Plaintiffs' home for foreclosure").

     [44] *Id.* at 4.

     [45] *Id.* at 2.  The only other instance where the two parties are mentioned is a fragment, which says in its entirety, "Defendants, Beverly Mitrisin and Charles."  *Id.*

     [46] *Zavala v. M & T Trust Co.*, No. SA-11-CV-956-XR, 2011 WL 6739614, at *2–3 (W.D. Tex. Dec. 22, 2011) (citing Tex. Prop. Code § 51.007) (noting that for a plaintiff contesting a residential foreclosure, a "substitute trustee is not a necessary party for Plaintiff to obtain the injunctive relief he seeks").

are not parties necessary to provide Plaintiffs with any relief, they have been wrongfully joined.[47]
Accordingly, they are disregarded for determining diversity jurisdiction.

>    2.    Amount in Controversy

Bank of America has provided information from El Paso County's Appraisal District that lists
the Property as having an assessed value of $313,919.00.[48]

"In actions seeking declaratory or injunctive relief, it is well established that the amount in
controversy is measured by the value of the object of the litigation."[49]  Because Plaintiffs are seeking to
prevent foreclosure on the Property, the amount in controversy is equal to the Property's value.  As Bank
of America has shown the amount in controversy is well above $75,000.00, they have established this
requirement is satisfied to a legal certainty.

>    B.    *Whether Plaintiffs' Breach of Contract Claim Should be Dismissed*

In Texas, "[i]t is a well established rule that a party to a contract who is himself in default cannot
maintain a suit for its breach."[50]  Plaintiffs' Second Petition concedes they "missed several payments" on
Bank of America's loan.[51]  This demonstrates Plaintiffs have defaulted on their loan agreement, and
Plaintiffs have not provided any basis to excuse their default.  Given this clearly established rule,
Plaintiffs cannot pursue their breach of contract claim.  Accordingly, this claim should be dismissed for
failure to state a claim.

Although a Rule 12(b)(6) dismissal is usually without prejudice to refile, some situations call for

---

[47] *McDonal*, 408 F.3d at 183.

[48] 2015 Notice Removal, Ex. C-1, "Property Search Results," at 2, ECF No. 1-1.  Plaintiffs provide a
slightly higher estimate, as they claim the property is "conservatively valued" at $315,000.00.  Pls.' Second Pet. 2.

[49] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

[50] *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam) (internal quotation marks and
citations omitted).

[51] Pls.' Second Pet. 3.

finality.  "At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."[52]

Plaintiffs assert they should have an opportunity to file a motion to remand this case to state court.  As potential obstacles to diversity jurisdiction have already been analyzed, and Plaintiffs have not provided any potential grounds for remand, this opportunity is not warranted.

Alternatively, Plaintiffs argue they should be provided an opportunity to file an amended complaint before having their claim dismissed.  When an opponent has recently filed a motion to dismiss under Rule 12(b), leave to amend generally should be given freely.[53]  However, certain considerations, including "repeated failure to cure deficiencies by amendments previously allowed" and "futility of the amendment," may weigh against granting leave to amend.[54]

Before commencing this cause of action, Plaintiffs asserted their breach of contract claim in multiple pleadings.[55]  Those pleadings admitted Plaintiffs had missed payments and thereby defaulted on their loan.[56]  Bank of America pointed out the defect several times before filing the instant Motion.[57]  Crucially, Plaintiffs' Response concedes they remain in default on the loan.[58]  As Plaintiffs have

---

[52] *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

[53] *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing pleadings to be amended once as a matter of course within "21 days after service of a motion under Rule 12(b)"); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("Rule 15(a) evinces a bias in favor of granting leave to amend.").

[54] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[55] Pls.' First Pet. 3; Pls.' First Am. Compl. 4 ¶¶ 33–34; Pls.' Second Am. Compl. 4 ¶¶ 34–35.

[56] Pls.' First Pet. 3; Pls.' First Am. Compl. 3 ¶ 17; Pls.' Second Am. Compl. 3 ¶ 17.

[57] *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. May 30, 2014), "Defendant's Motion to Dismiss Pursuant [sic] Federal Rule of Civil Procedure 12(b)(6)," at 4 ¶ 9, ECF No. 18; *Wicker, Jr. v. Bank of America, N.A.*, No. 3:14-cv-00091-PRM (W.D. Tex. June 20, 2014), "Defendant's Second Motion to Dismiss Pursuant [sic] Federal Rule of Civil Procedure 12(b)(6)," at 5 ¶ 12, ECF No. 24.

[58] *See* Pls.' Resp. 2 ¶ 4 ("Plaintiffs have twice offered to get the mortgage completely current . . . .").

repeatedly failed to excuse that default, there is no reason to presume they ever will do so.  In the interest of finality and in light of multiple prior opportunities to correct that defect, the court will dismiss Plaintiffs' claim with prejudice.

    C.    *Dismissing Mitrisin and Nations as Defendants*

Plaintiffs have not filed any claims against either Mitrisin or Nations, and the dismissal of Plaintiffs' breach of contract claim fully resolves this case.  Accordingly, Mitrisin and Nations should be dismissed as defendants to this cause of action.

## IV.   <u>CONCLUSION</u>

Bank of America's "Defendant's Motion to Dismiss Pursuant [sic] Federal Rule of Civil Procedure 12(b)(6)" [ECF No. 4] is **GRANTED**:

1.    Plaintiffs Thomas George Wicker, Jr. and Rocio Padilla Wicker's claim for breach of contract is **DISMISSED WITH PREJUDICE**;

2.    Beverly Mitrisin and Charles Thomas Nations are **DISMISSED** as defendants to this cause of action; and

3.    The Clerk of the Court is instructed to **CLOSE** this cause.

**SO ORDERED.**

**SIGNED** this **13th** day of **February**, **2015**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**